CARLISLE v. STATE.

(Court of Criminal Appeals of Texas. Jan. 17, 1912.)

1. CRIMINAL LAW (§ 780*)—ACCOMPLICE TESTIMONY—INSTRUCTIONS.

Where, on a trial for burglary, an accomplice testified that accused sent a message to him and a third person to meet accused, and that they met accused at his house, and there conspired to commit the crime charged, a charge that if accused sent a message the jury might consider the evidence of the accomplice concerning the message, but if accused did not send a message the jury should disregard the testimony of the accomplice, was objectionable as singling out testimony of the accomplice without charging that the testimony could not form a basis of conviction nor be used as a fact against accused as a basis of conviction unless it was corroborated.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1859–1863; Dec. Dig. § 780.*]

2. CRIMINAL LAW (§ 780*)—INSTRUCTIONS—SINGLING OUT EVIDENCE.

It is not correct to single out in a charge on accomplice's testimony a single fact in the case where there are a number of facts testified to by the accomplice, and submit the issue on a question of verity between the accomplice and contradicting evidence, and the court, if ever authorized to do so, must caution the jury that the testimony of an accomplice cannot form the predicate of conviction unless corroborated.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1859–1863; Dec. Dig. § 780.*]

3. CRIMINAL LAW (§ 508*)—ACCOMPLICE TESTIMONY—ADMISSIBILITY.

Where the state sought to show that accused and his brother and a third person committed the crime charged pursuant to a conspiracy, a statement of accused's father that accused desired to see his brother and the third person on important business, was inadmissible against accused, unless accused sent the message by his father to his brother and the third person, and where accused and the father denied the sending of such message, the testimony of the accomplice that the father delivered such message was inadmissible against accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1099–1123; Dec. Dig. § 508.*]

Appeal from District Court, Cass County; P. A. Turner, Judge.

S. J. Carlisle was convicted of burglary, and he appeals. Reversed and remanded.

O'Neal & Figures and Hines & Hines, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary, his punishment being assessed at two years' confinement in the penitentiary.

[1] The theory of the prosecution was that appellant and his brother, Joe Carlisle, together with Charlie Duck entered into a conspiracy to burglarize one or more smokehouses at night, and that in pursuance of that conspiracy they together did burglarize the smokehouses and take a lot of pork or bacon from them. Charlie Duck turned state's evidence, and testified to sufficient facts, if true, and corroborated sufficiently, to constitute the crime. Duck testified that during the day before the burglary at night Tobe Carlisle, father of defendant and Joe Carlisle, met himself, Duck, and Joe Carlisle about two miles from the residence of appellant and delivered a message to them from the defendant that he wished to see them on important business; that in pursuance of this message he diverted from his trip to see his mother, and went to appellant's residence. On reaching appellant's residence he found him absent; about two hours afterwards, however, appellant reached home and it was there they entered into the conspiracy to break into the smokehouses. Appellant was not present when Duck says Tobe Carlisle delivered to him the message. Tobe Carlisle was introduced and denied delivering such message, and denied that any such message was sent by him from his son to the defendant. The defendant took the stand and testified also, positively denying Duck's statement.

With this evidence in the record the court

---

charged the jury: "If you believe from the evidence that the defendant S. J. Carlisle, sent by his father, Tobe Carlisle, to Charlie Duck and Joe Carlisle a message, then you may consider the evidence, if any, of Charlie Duck concerning such message, but if you believe from the evidence, that the defendant did not send a message to said Charlie Duck and Joe Carlisle, then you will wholly disregard the evidence of said Charlie Duck, if any, concerning such message, and · give it no consideration whatever, even if you believe that said Tobe Carlisle did deliver such message to said Charlie Duck and Joe Carlisle." Many objections are urged to this charge, among others, because it authorized the jury to believe the uncorroborated testimony of Charlie Duck, who was an admitted accomplice, that such message was sent by appellant to Duck and Joe Carlisle. The effect of the court's charge was to submit to the jury an issue of fact between this defendant and the accomplice as to the truth of sending such message. It was also contended and urged in the objections in this connection that the law required the court to charge the jury they could not believe from the uncorroborated testimony of Charlie Duck that such message was sent by this defendant to said Charlie Duck; and that the court should have gone further and instructed the jury that they could not consider such evidence of such accomplice unless it was true, and there must be other evidence than of such accomplice to show that such message was sent by this defendant to Charlie Duck and Joe Carlisle. It is also urged that it was a charge on the weight of the evidence, and placed the burden on defendant to show that no such message was sent. We are of opinion that this charge was error. Charlie Duck was an admitted accomplice. The theory of the state's case was built upon his testimony. Here the court singled out the initial point under Duck's testimony leading up to the conspiracy, showing that appellant instigated a conspiracy; that he had sent this message to him for the purpose of meeting him and concocting a scheme to rob these houses at night.

[2] It is never correct to single out a single fact in the case where there are a number of facts testified to by the accomplice, and submit that issue to the jury on a question of verity between the accomplice and the contradicting evidence, but wherever that is authorized at all, it becomes necessary for the court to caution the jury that such testimony, if considered by them, could not form the predicate of conviction unless that testimony was corroborated by other evidence showing that it actually occurred. The court failed to instruct the jury in connection with the charge given that it could not

form the basis of a conviction, nor be used as a fact against · defendant as a basis of conviction, unless it was corroborated. This charge was on a crucial point in the case, on the weight of the evidence, singled out one fact, and left the accomplice testimony before the jury as to this fact to be considered by them without the cautionary charge that it must be corroborated. For this error the judgment will be reversed.

[3] It is well enough to say, in this connection, that upon another trial we are of opinion that the testimony which forms the subject to the above charge should not be admitted. It is inadmissible. The statement of Tobe Carlisle, even had he made the imputed statement could not be used against the defendant, unless it was shown that defendant had sent the message. There is not a fact in this case that shows that defendant ever[a] sent any such message. He and his father both denied this emphatically, and there is nothing in the record to show the message was sent except the statement of the accomplice, that Tobe Carlisle told him so. If as a matter of fact defendant had sent the message, it would be a circumstance to be used, but it must be shown before he can be charged with sending the message, that he in fact did send it. There is nothing, therefore, in this record to show that he ever sent any such message, except the statement of the accomplice, and he is not only not corroborated, but flatly contradicted about even receiving the message, and contradicted by both Carlisles that such message was ever sent.

The judgment is reversed, and the cause is remanded.